RECEIVED

MAR 12 2010 *uh*

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DEWITT HAYNES (DOC# 302434) | DOCKET NO. 09-CV-1260; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| JAMES LEBLANC, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on July 24, 2009 in the Middle District of Louisiana by *pro se* plaintiff Dewitt Haynes. The case was transferred to the Western District of Louisiana because Plaintiff is incarcerated within this district at Avoyelles Correctional Center (AVC) in Cottonport, Louisiana. Plaintiff amended his complaint, leaving as defendants Director of Nursing Tammy LaCombe, Dr. Vajnar, and the members of the nursing staff (names unknown) working under Vajnar and LaCombe. Plaintiff claims that the defendants denied him medical care, and he seeks compensatory damages as well as injunctive relief in the form of proper medical care.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Background

In his original complaint, Plaintiff alleged that on June 5, 2009, he picked up his breakfast tray, stepped off of the floor mat

onto the floor, and slipped and fell in a mixture of spilled syrup and butter that had accumulated on the floor. Plaintiff alleged that he fell to the ground, injuring his knees, ankle, shoulder, and neck. Plaintiff was taken to the infirmary, where he had to wait over three hours to be examined by a nurse. The nurse issued Plaintiff a set of crutches, some Tylenol, and a no-duty pass good for two days or until Plaintiff saw the doctor. At the time of filing suit, which was nineteen days after the accident, Plaintiff claimed that he still had not seen the doctor despite making numerous sick calls. He claimed that without being examined by the doctor, he was in imminent danger of serious physical injury.

Plaintiff was ordered to amend his complaint. In the amended complaint, Plaintiff withdrew claims against the supervisory defendants Warden Cooper and Secretary LeBlanc, due to their lack of personal involvement.

Plaintiff was ordered to list *all dates on which he RECEIVED* any kind of medical care by anyone at AVC as well as *all dates that he was DENIED* medical treatment. In his amended complaint, Plaintiff states that he received medical care by AVC's staff on June 5, 2009 (the date of the incident); Plaintiff saw Dr. Vajnar on June 19, 2009; Plaintiff saw an outside orthopedic doctor on June 25, 2009; Plaintiff received x-rays on July 2, 2009; and, Plaintiff spoke with Dr. Vajnar again on July 15, 2009. [Doc. #8, p.1]  Plaintiff was ordered to state the dates on which he

requested, but was denied care. He provided that he was denied care on the date of the accident and the "days following." However, he has already indicated that he did, in fact, received care on the date of the accident.

## Law and Analysis

Plaintiff complains of the medical care he received after a slip and fall accident during breakfast. He initially alleged that he was denied medical care, but when ordered to amend his complaint, he provided numerous dates on which he underwent examinations or treatment. It is evident that Plaintiff disagrees with the type of care he has received.

To state a claim under § 1983, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). Not all inadequate medical treatment rises to the level of an Eighth Amendment violation; "it is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." See id. at 106. A plaintiff must prove "objectively that he was exposed to a **substantial risk of serious harm**," and that "jail officials acted or failed to act with **deliberate indifference** to that risk," which requires actual knowledge and deliberate disregard. Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004), *quoting* Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002).

A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. See Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006). Plaintiff has not presented allegations of deliberate indifference.

First, Plaintiff does not allege that he ever sought or was denied medical treatment following his last appointment with Dr. Vajanr on July 15, 2009. Plaintiff was clearly not denied treatment after that date. Thus, Plaintiff's claim deals with the time between the date of the accident, June 5, 2009, and the date of the last appointment, July 15, 2009. During that six week time frame, Plaintiff was examined on five occasions. First, Plaintiff was examined on the date of his slip and fall, at w hich time he was provided crutches, a duty status, and pain reliever. On June 19, Plaintiff was examined by Dr. Ajnar. Less than a week later, on June 25, Plaintiff was sent to an orthopedic specialist outside of the prison for examination. X-rays were taken on July 2, 2009, and Plaintiff followed up with Dr. Ajnar again on July 15, 2009.

The above facts alleged by Plaintiff reveal that he was provided medical treatment for his complaints both at and outside of AVC. What Plaintiff has essentially alleged is a disagreement with his medical treatment, which does not state a claim under the

Eighth Amendment. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997), citing Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Plaintiff states that he did not received the "proper" medical treatment. He has not alleged that the defendants refused to treat him, intentionally treated him incorrectly, or otherwise acted with wanton disregard for Plaintiff's health. Even "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, **nor does a prisoner's disagreement with his medical treatment**, absent exceptional circumstances." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006)(citations omitted). Plaintiff's disagreement with the course or quality of his medical treatment does not state a claim for which relief can be granted.

## CONCLUSION

The Court is convinced that Plaintiff has presented the best case that could be presented by him under these circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Plaintiff's allegations as true,

**IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation

have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>**, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of March, 2010.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE